IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:26-cv-4181

PAUL ZIEMBA, individually and on behalf of a class of all persons and entities similarly situated,

Plaintiffs,

v.

BANNER LIFE INSURANCE COMPANY,

and

ABE AL-FROUKH

Defendants.

---

**DEFENDANT BANNER LIFE INSURANCE COMPANY'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT, FILE A PROPOSED SCHEDULING ORDER, AND FILE ELECTION CONCERNING CONSENT/NON-CONSENT TO UNITED STATES MAGISTRATE JUDGE JURISDICTION**

---

Defendant Banner Life Insurance Company ("Banner"), under D.C.COLO.LCivR 6.1, respectfully moves (the "Motion") for a 30-day extension of time (a) up to and including **December 10, 2026**, to answer or otherwise respond to the Complaint; and (b) up to and including **December 2, 2026**, to file a Proposed Scheduling Order and the parties' Election Concerning Consent/Non-Consent to United States Magistrate Judge Jurisdiction. In support of this Motion, Banner states as follows:

**CERTIFICATION PURSUANT TO D.C.COLO.LCivR 7.1(a) AND 6.1(c)**

Counsel for Banner conferred with counsel for plaintiff Paul Ziemba ("Ziemba") concerning this Motion via telephone on October 20 and 23, 2026. Banner is authorized to

represent that Ziemba does not oppose the relief requested in this Motion. Counsel for Banner further certifies that a copy of this Motion is being served contemporaneously, as required by D.C.COLO.LCivR 6.1(c).

**MOTION**

1. On September 7, 2026, Ziemba filed the complaint ("Complaint") against defendants Banner and Abe Al-Froukh ("Al-Froukh")[1] [ECF No. 1].

2. Banner executed a waiver of service on September 11, 2026 [ECF No. 4].

3. Banner's current deadline to answer or otherwise respond to the Complaint is November 10, 2026.

4. On September 23, 2026, the Court entered its Order Setting Initial Case Deadlines (the "Order") [ECF No. 5].

5. The Order requires the parties to submit their Proposed Scheduling Order and Election Concerning Consent/Non-Consent to United States Magistrate Judge Jurisdiction by November 2, 2026.

6. Good cause exists for the requested extension. Banner only recently engaged undersigned counsel to defend this action, and counsel requires time to become familiar with the claims and the underlying facts.

7. In addition, the Complaint asserts putative class claims for alleged violations of the Telephone Consumer Protection Act of 1991. Responding to those claims will require counsel to investigate the underlying facts, coordinate with third parties to obtain additional

[1] Undersigned counsel does not represent Al-Froukh, and Al Froukh has not joined this Motion.

information, and confer with Banner, all of which requires additional time before Banner can provide a complete response.

8. The Complaint also raises complex legal issues that Banner's response must address, and developing those issues will require additional time.

9. This is Banner's first request for an extension of the deadlines to respond to the Complaint and to submit a Proposed Scheduling Order and Election Concerning Consent/Non-Consent to United States Magistrate Judge Jurisdiction.

10. The requested extension will not prejudice any party. Ziemba does not oppose the relief requested, and no other deadlines, pending motions, or scheduled conferences with the Court will be affected.

11. Accordingly, under D.C.COLO.LCivR 6.1, Banner respectfully requests that the Court grant a 30-day extension of time up to and including **December 10, 2026**, for Banner to answer or otherwise respond to the Complaint, and up to and including **December 2, 2026**, for the parties to submit their Proposed Scheduling Order and Election Concerning Consent/Non-Consent to United States Magistrate Judge Jurisdiction.

Respectfully submitted this 26th day of October, 2026.

*s/ Sean D. G. Camacho*
Sean D. G. Camacho, Esq.
DENTONS US LLP
1900 16th Street, Suite 1350
Denver, CO 80202
Tel: 303-634-4303
sean.camacho@dentons.com

*Attorneys for Defendant,*
*Banner Life Insurance Company*